IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOSS SIGNS, INC., )
 )
          Plaintiff, )
 )
     vs. ) Civil Action No. 08-164
 )
STATE AUTOMOBILE MUTUAL )
  INSURANCE COMPANY, )
 )
          Defendant. )

**MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant State Automobile Mutual Insurance Company ("State Auto") on February 8, 2008, at Docket No. 2. For the reasons discussed below, Defendant's Motion is granted in part and denied in part.

**I.   INTRODUCTION**

   A.   Factual Background[1]

According to the Complaint in this matter, Plaintiff Moss Signs, Inc. ("Moss"), is a Pennsylvania corporation with its principal place of business at 526 Island Avenue in McKees Rocks, Pennsylvania. A building at that location and Moss's business operations were covered under a commercial insurance policy (the "Policy") issued to Plaintiff by Defendant, an Ohio corporation with a principal office in Columbus, Ohio. Coverage under the

---

[1] The facts in this section are based solely on the Complaint.

Policy included various accidental damages, including damages arising from vandalism.

On October 26, 2005, Moss filed a claim for water damage to its building from an unknown cause. In December, State Auto retained a third party, Penn Claim Service ("Penn"), to assist in the investigation of Moss's claim. Based on the report of an expert retained by Penn, the claim was subsequently denied. In response, Plaintiff provided additional affidavits and other information to suggest that causes other than normal wear and tear or deterioration, specifically vandalism, contributed to the water damage. Defendant did not attempt to investigate these allegations of vandalism.

In August 2006, Moss again approached State Auto, requesting to know what evidence Defendant was relying upon to dispute the assertion that vandalism had occurred; State Auto was unable to provide any such evidence.[2] According to Moss, Defendant has admitted that if the damages in question were caused by and/or contributed to by vandalism, they are properly payable under the Policy. To date, State Auto has refused to cover the damages to Plaintiff's building.

B.  Procedural Background

On October 23, 2007, Plaintiff commenced suit against

---

[2] The factual allegations in Paragraphs 9-10 of the Complaint are somewhat unclear, but the Court concludes they are irrelevant to the decision herein.

Defendant in the Court of Common Pleas, Allegheny County, Pennsylvania. State Auto filed a notice of removal on February 5, 2008, arguing that it was exercising its rights under 28 U.S.C. § 1441 to invoke jurisdiction in this Court on the basis of complete diversity of citizenship and an amount in controversy greater than $75,000 (28 U.S.C. § 1132(a)(1).) Plaintiff did not oppose removal.

Defendant immediately thereafter filed a motion to dismiss (more properly, strike)[3] certain factual allegations, together with Plaintiff's claims that Defendant breached its duty to exercise good faith and fair dealing (Count II of the Complaint) and violated several Pennsylvania statutes pertaining to regulation of insurance practices and trade (Count IV and portions of Count V.)[4]

## II. JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1132(a)(1). Venue is appropriate in this District inasmuch as the Policy is administered and a substantial part of the events or omissions giving rise to the claim occurred herein. 28 U.S.C. § 1391(a)(2).

---

[3] Federal Rule of Civil Procedure 12(f) establishes that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

[4] In Count I, Plaintiff claims breach of contract and in Count V, violation of the Pennsylvania Bad Faith Statute, 48 Pa. Cons. Stat. § 8371. Defendant does not seek dismissal of these claims. We further note for the record that there are only four Counts in the Complaint, there being no Count III.

3

## III. STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff." Haspel v. State Farm Mut. Auto. Ins. Co., No. 06-3716, 2007 U.S. App. LEXIS 17074, *4 (3d Cir. July 16, 2007), *citing* Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). Under the standard established in Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969 (2007), a complaint will survive the motion to dismiss if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." (Emphasis in original.) (*Compare* Conley v. Gibson, 355 U.S. 41, 45-46 (1957), establishing that a motion to dismiss will be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

## IV. ANALYSIS

As ordered by the Court, Plaintiff filed a response to Defendant's Motion to Dismiss on February 22, 2008 (Doc. No. 10, "Plf.'s Resp."), in which Moss agreed that its claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201 *et seq.* (Count IV), should be dismissed. (Id., ¶ 14.) Therefore, the Court need address the Motion only as it applies to

4

certain language in the Complaint regarding Plaintiff's reasonable expectations; Count II, the bad faith claim; and those portions of Count V which pertain to the Pennsylvania Unfair Insurance Practices Act and Unfair Claims Settlement Practices Regulations.

1. *Claims Pursuant to the Doctrine of Reasonable Expectations:* Defendant argues that Plaintiff's allegations regarding its expectations of insurance coverage as set forth in Paragraphs 17 and 23 of the Complaint should be stricken because the doctrine of reasonable expectations is inapplicable to a commercial entity insured under Pennsylvania law. (Brief in Support of Defendant's Motion to Dismiss, Doc. No. 3, "Def.'s Brief," at 4-5.) Plaintiff responds that it has stated its expectations "only as an aid to interpret the duties of the insurer under the policy," and that it is not seeking a separate cause of action under Pennsylvania common law. (Plf.'s Resp., ¶ 10.)

Under Pennsylvania law, the doctrine of reasonable expectations "is intended to protect against the inherent danger, created by the nature of the insurance industry, that an insurer will agree to certain coverage when receiving the insured's application, and then unilaterally change those terms when it later issues a policy." UPMC Health System v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). Contrary to Defendant's argument, commercial entities are not entirely precluded from invoking the doctrine. The Third Circuit Court of Appeals has predicted that

5

although "concern for the vulnerability of non-commercial insureds entering into adhesion contracts with large insurance companies clearly motivates the application of the doctrine of reasonable expectations," the Pennsylvania Supreme Court would find the doctrine may be applicable even if the plaintiff is a commercial entity and a "sophisticated purchaser" of insurance. UPMC Health System, id. at 503. However, the Pennsylvania Supreme Court has held that even in non-commercial cases, the doctrine applies only under two limited circumstances: (1) where the policy terms were not readily apparent, or (2) where there was deception by insurance agents. See Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 109, n.8 (Pa. 1999), and cases cited therein.

In addition to Plaintiff's assertion in its Response that the language in the Complaint concerning its expectations for coverage under the Policy was not intended to state a cause of action, Moss has not alleged that the terms of the Policy were ambiguous or otherwise not apparent, nor has it claimed that State Auto made misleading or false statements in the process of negotiating the terms of the Policy. Therefore, we agree that Plaintiff did not, in fact, state a claim under the doctrine of reasonable expectations.

Motions to strike are generally disfavored and will usually be granted only if "the matter to be stricken is unworthy of consideration." Torso v. Ohio Nat'l Life Ins. Co., CA No. 07-65,

2007 U.S. Dist. LEXIS 46997, *5 (W.D. Pa. June 28, 2007) (internal quotation omitted.) Defendant's motion does not point out how the allegations of which it complains are redundant, immaterial, impertinent or scandalous. We find the language of Paragraphs 17 and 23 of the Complaint unobjectionable in the context presented and deny the Motion to Dismiss insofar as it seeks to strike those paragraphs. However, this denial is without prejudice; Defendant may raise this issue in the future as necessary.

2. *Bad Faith Cause of Action in Count II:* Succinctly stated, Moss asserts in Count II that despite the fact that it had properly paid the required insurance premiums and the Policy was in full force and effect when the damage to its building occurred in October 2005, Defendant breached its duty to exercise good faith and fair dealing in that State Auto "minimally" investigated Plaintiff's claim even after supplemental information was provided about the possibility of vandalism and ultimately refused to pay for the loss.

State Auto argues that Count II should be dismissed for two reasons. First, the claims therein should be dismissed in their entirety with prejudice because Pennsylvania law does not recognize a separate cause of action for common law bad faith based on a breach of the duty of good faith and fair dealing. (Def.'s Brief at 5-6.) Plaintiff responds that its bad faith allegations in Count II are consistent with Pennsylvania common law as recognized

in such cases as Creeger Brick & Bldg. Supply, Inc., v. Mid-State Bank and Trust Co., 560 A.2d 151 (Pa. Super. Ct. 1989) and that "multiple cases in the Court's recent history" have established that bad faith claims brought under Pennsylvania common law may be raised simultaneously with statutory bad faith claims. (Plf.'s Resp., ¶ 11.) Unfortunately, Plaintiff has not identified what those "multiple cases" might be.

Based on the facts and legal theories set out in the Complaint, the Court agrees with Defendant that should Plaintiff eventually establish that Defendant failed to act in good faith, 42 Pa. Cons. Stat. § 8371 provides the basis for Plaintiff's complete recovery; therefore, the bad faith claims in Count II are duplicative of those stated in Count V.

As Pennsylvania Supreme Court Justice Nigro explained in his concurrence to The Birth Ctr. v. The St. Paul Cos., 787 A.2d 376 (Pa. 2001), Pennsylvania law recognizes two forms of bad faith claims by an insured against an insurer. The first is "a contract claim for breach of the implied contractual duty to act in good faith," under which the insured may recover traditional contract damages including compensatory damages. Alternatively, an insured may bring a claim under 42 Pa. Cons. Stat. § 8371 which specifically establishes the right to seek punitive damages, attorney fees, court costs and interest where it can be shown that

the insurer acted in bad faith.[5] Id. at 390. As Justice Nigro pointed out, D'Ambrosio v. Pennsylvania Nat'l Mutual Casualty Ins. Co., 431 A.2d 966 (Pa. 1981) explicitly held that there is no common law bad faith *tort* claim under Pennsylvania law, but

> [b]y subsequently enacting 42 Pa. C.S. § 8371, the General Assembly filled the gap that we had identified in D'Ambrosio with a statutory cause of action in tort for bad faith. By virtue of § 8371, insureds may now supplement the breach of contract damages that they can obtain through their bad faith contract action by also bringing a claim under § 8371 for the specific damages authorized in that statute.

The Birth Ctr., 787 A.2d at 410.

As the Pennsylvania Supreme Court has further pointed out, "the bad faith insurance statute is concerned with the duty of good faith and fair dealing. Our review of the case law addressing the duty of good faith reveals that courts generally treat a breach of that duty as a breach of contract action." Ash v. Cont'l Ins. Co., 932 A.2d 877, 883 (Pa. 2007), *citing*, among others, Creeger, 560 A.2d at 153, for the principle that the duty of good faith and fair dealing "arises under the law of contracts, not under the law of

---

[5] In full, the statute provides: "In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer." 42 Pa. Cons. Stat. § 8371. Special Damages: Actions on Insurance Policies.

9

torts."[6]  The Court went on to explain that "an action under § 8371 is a statutorily-created *tort* action" which formally imposes a duty of good faith on insurers.  Ash, id. at 885 (emphasis added.)

Here, Plaintiff has clearly stated in Count I a breach of contract claim, alleging that Defendant failed to comply with the terms of the Policy first by initially denying the claim, then by refusing to reconsider its decision, thereby forcing Moss to pay for temporary repairs itself and to expend "considerable time and money to pursue this claim and attempt to force the Defendant to honor its contractual obligations."  (Complaint, ¶ 27.)  In Count V, Moss has stated a statutorily-based claim, alleging that State Auto's actions have resulted in its liability under the Bad Faith Statute, § 8371.  (Complaint, ¶ 66.)  These two claims are independent of each other and Plaintiff may theoretically succeed on either or both.  Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., Nos. 06-3133, 06-3141, 2007 U.S. App. LEXIS 19069, *26-*27 (3d Cir. Aug. 9, 2007), *citing* Nealy v. State Farm Mut. Auto. Ins. Co., 695 A.2d 970, 972 (Pa. Super. Ct. 1997) ("In interpreting [section 8371], this Court has consistently held that claims brought thereunder are distinct from the underlying contractual insurance claims from which the dispute arose.")  As in Gallatin, Plaintiff's

---

[6]  We note that Creeger was decided in May 1989, prior to enactment of § 8371 in 1990.  Consequently, the court therein could not have considered the bad faith statute in reaching its conclusion that there were limited situations in which a tort claim for breach of good faith and fair dealing might be recognized, the principle for which the case appears to be cited by Plaintiff.

10

claims here go beyond Defendant's simple refusal to cover the damage to Moss's property pursuant to the terms of the Policy – Plaintiff also alleges that State Auto "dragged its feet in the investigation of the claim" and "hid information" by refusing to explain why it did not accept Moss's evidence of vandalism.

Because State Auto does not contend that the Complaint fails to adequately set forth allegations which would support a claim pursuant to 42 Pa. Cons. Stat. § 8371, we conclude Plaintiff can achieve its ultimate goals without separately alleging a tort claim for breach of an implied covenant of good faith and fair dealing. Count II is therefore dismissed with prejudice in its entirety and we need not address Defendant's second argument on this point.

    3. *Plaintiff's Claims under the Pennsylvania Unfair Insurance Practices Act ("UIPA") and Unfair Claims Settlement Practices Regulations ("UCSP")*: Defendant argues that Plaintiff's claims in Count V, based on the UIPA, 40 P.S. § 1171.1 *et seq.*, and the UCSP, the regulations promulgated thereunder, must be dismissed because neither of them gives rise to a private cause of action against an insurer and can only be enforced by the Insurance Commissioner of Pennsylvania. (Def.'s Brief at 7, *citing inter alia*, Oehlmann v. Metro. Life Ins. Co., CA No. 06-1075, 2007 U.S. Dist. LEXIS 93899 (M.D. Pa. Dec. 21, 2007). Plaintiff does not dispute the holding of Oehlmann, but again responds that it is not attempting to make any separate or additional demands for damages

under either the statute or the regulations and its references thereto merely provide a "context of the framework under which the Defendant's actions as an insurer providing coverage in Pennsylvania should be measured." (Plf.'s Resp., ¶ 13.)

We agree with the analysis of <u>Oehlmann</u> in which the court identified three reasons for rejecting the premise that "alleged violations of UIPA and UCSP are bad faith *per se*." <u>Oehlmann</u>, 2007 U.S. Dist. LEXIS 93899, at *23. Most importantly for purposes of this decision,[7] allegations that an insurer violated the UIPA and UCSP are irrelevant to a court's consideration of whether the insurer's actions also violated § 8371 because the Pennsylvania Superior Court established a definitive two-prong test for answering that question in <u>Terletsky v. Prudential Prop. & Cas. Ins. Co.</u>, 649 A.2d 680, 688 (Pa. Super. Ct. 1994), appeal denied, 659 A.2d 560 (1995) (plaintiff must show that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis.)

While we do not disagree with Plaintiff that the UIPA and USCP

---

[7] The <u>Oehlmann</u> court also noted, as mentioned in the text above, that enforcement of the statute and regulations is within the discretionary power of the Insurance Commissioner of Pennsylvania and "it is not our province to usurp [his] power in this regard by de facto regulation of the insurance industry under the guise of section 8371." In this regard, the court further noted that an insured who believes the insurer has violated the UIPA may request review by the Department of Insurance. Third, the court concluded the UIPA was enacted to address abuses which were systemic to the insurance industry as a whole and that "[r]egulations designed for an industry are inapposite to evaluating an individual episode of alleged bad faith." <u>Oehlmann</u>, 2007 U.S. Dist. LEXIS 93899, at *23-*24 and n. 13.

12

provide the standard by which an insurer's actions should be measured, we find that any violations thereof are irrelevant in determining whether Defendant acted in bad faith under Pennsylvania law and conclude Paragraphs 58, 62 and 63 should be stricken from the Complaint. See <u>Leach v. Northwestern Mut. Ins. Co.</u>, No. 06-4786/5081, 2008 U.S. App. LEXIS 1990, *8 (3d Cir. Jan. 29, 2008), holding in part that the lower court did not err in finding that to the extent Leach's claim for bad faith was based on an alleged violation of the UIPA, the claim failed as a matter of law.

## V. CONCLUSION

The Court finds that Defendant's Motion to Dismiss should be granted as to Counts II and IV in their entirety and that all references to the UTPCP, UIPA and UCSP should be stricken. The motion is denied in all other respects. An appropriate Order follows.

April __2__, 2008

_____
William L. Standish
United States District Judge